[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 377 
There was no exception to any ruling of the court upon the question of damages taken upon the trial. No such question can, therefore, be entertained by this court. It was competent for the Special Term, in case the damages found were excessive, to order a new trial, unless the excess was remitted by the plaintiff, and, in that event, to deny it. The action of the Special Term, in that respect, under the facts of this case, cannot be reviewed here. At common law, an execution bound the personal property of the defendant from its teste, even against a bona fide
purchaser. (Cro. Eliz. 174; Audley v. Halsey, Cro. Car. 148.) This was altered by 29 Car. II, chapter 3, section 16, making such purchase valid if made before the delivery of the writ to the sheriff. 2 Revised Statutes (p. 613, § 13) provides that the goods and chattels of a debtor shall be bound only from the time of the delivery of an execution to be executed. Section seventeen provides that the title of any purchaser in good faith of any goods or chattels, acquired prior to the actual levy of any execution, without notice of such execution being issued, shall not be divested by the fact that such execution had been delivered to the officer prior to such purchase. The exceptions in the present case present the question, whether the consideration was such as to constitute the plaintiff a purchaser in good faith within the meaning of the statute. There was no conflict in the evidence upon that point. The plaintiff had become surety for the payment for the goods, upon the purchase by the execution debtors. He agreed, upon his purchase of their interest from them, to pay this indebtedness, and to *Page 378 
indemnify them against it. He thus assumed a new liability. He became the principal debtor, instead of surety for others. The assumption of a new liability has always been held a sufficient consideration to constitute the party assuming it a purchaser in good faith. The requests of the defendant's counsel to charge upon this point were properly denied, upon the ground that the proof did not warrant the submission of any question to the jury upon this point. The same answer may be given to the charge as given. The judge would have been warranted by the proof in directly charging the jury that the consideration was sufficient. It was not possible that the defendant could have been prejudiced by the charge in this respect. It is insisted, by the plaintiff's counsel, that a transfer of property, to secure an antecedent debt, is a sufficient consideration within the statute; and the counsel cites Birdseye v. Ray (4 Hill, 158), and S.C. (5 Denio, 619), in support of this proposition. The opinion of NELSON, J., as reported in Hill, sustains it; but the case was decided upon another ground. It was controverted by the chancellor, in Denio, but the point was not passed upon by the court. The question cannot be regarded as settled by this case, as adjudged in either court. Although the question is not necessarily involved in the present case, I will remark, that I can see no reason, either in principle or upon authority, why any consideration should make a purchase bona fide, under this statute, that will not have the same effect in any other case when necessary to sustain a title on account of a defect in that of the vendor. The charge upon the question of notice of the issuing of the execution to the plaintiff presents a nicer question. The charge implies that the onus was upon the sheriff to prove that the plaintiff had notice of the issuing of the execution at the time of the purchase. We have seen that the lien attaches upon the delivery of the execution to the officer for collection; that this lien is valid against all but purchasers in good faith without notice. It would seem to follow, that theonus was upon the purchaser to establish all the facts essential to show his title valid against the lien. This he does,prima facie, when he shows a purchase in the *Page 379 
ordinary course of business. The statute was passed before parties were competent witnesses in their own behalf. Under such circumstances, it would have been impossible for the plaintiff to prove a want of knowledge of the delivery of the execution. The defendant, upon this point, holds the affirmative; and it is a general rule of evidence, that a party alleging the affirmative must prove the fact. To this rule, there are some exceptions; but this, I think, does not come within them. It is a well settled rule in equity, that, where notice of some fact will subvert a title, valid in its absence, such notice must be proved by the party alleging it; although, in pleading his title, notice must be denied. My conclusion is, that the charge, in this respect, was correct, and that the judgment must be affirmed.
All the judges concurring,
Judgment affirmed. *Page 380