## Case No. 10,673.

### In re PAINE.

[9 Ben. 144; 17 N. B. R. 37.]

District Court, S. D. New York.    May 10, 1877.

BANKRUPTCY — PRIOR EXECUTION — LEVY — SALE — TITLE OF ASSIGNEE.

1. An execution in the hands of a sheriff, in New York, at the time a petition in voluntary bankruptcy is filed there, binds the leviable personal property of the bankrupt, as against any title to it which the assignee in bankruptcy can acquire, and although no levy was made on the property, under such execution, before such petition was filed.

[See Bartlett v. Russell, Case No. 1,080.]

2. In such a case, the sheriff will not be allowed to take the property, if the assignee in bankruptcy has it, but the latter will be directed to sell it separately, leaving the execution creditor to apply to the court in respect to the proceeds.

[In the matter of John B. Paine, bankrupt.]

Vanderpoel, Green & Cuming, for sheriff.
E. Bartlett, for assignee.

BLATCHFORD, District Judge. On the 11th of October, 1876, one McCord recovered a judgment against the bankrupt in the supreme court of New York, for the sum of $2,954.20 gold and $499.48 currency. On the 14th of October an execution on such judgment was placed in the hands of the sheriff of the city and county of New York. The bankrupt owned, at the time, certain wooden ware, which was stored in the cellar of a building No. 54 Maiden Lane, in the city of New York. The sheriff did not levy or attempt to levy on such wooden ware, nor did he know of its existence, nor did he enter the building in which it was. On the 19th of October, the bankrupt filed a voluntary petition in bankruptcy in this court. In the schedule of the bankrupt's personal property, annexed to such petition, the fact was stated that there was wooden ware belonging to the bankrupt at 54 Maiden Lane. The sheriff now presents to this court a petition setting forth the foregoing facts and claiming that the execution became and was and is a lien upon all of the aforesaid property, from the time of the delivery of the execution to him for service, as against the debtor and his assignee in bankruptcy, and that the sheriff is entitled to take said property and sell it and apply the proceeds upon the execution, and praying that this court will make an order acknowledging said lien and

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

authorizing the sheriff to take said property under the execution and sell it and apply the proceeds, as far as they will go, to the satisfaction of the execution. The assignee in bankruptcy resists the application, on the ground that, as the sheriff made no actual levy on the property before the petition in bankruptcy was filed, the sheriff has no lien on it by virtue of the execution and no claim to any priority in payment out of its proceeds.

The statutes of New York (2 Rev. St. pp. 365, 366, §§ 13, 14, 17) provide as follows: "Sec. 13. Whenever an execution shall be issued against the property of any person, his goods and chattels, situated within the jurisdiction of the officer to whom such execution shall be delivered, shall be bound only from the time of the delivery of the same to be executed. Sec. 14. If there be several executions issued out of a court of record against the same defendant, that which shall have been first delivered to an officer to be executed shall have preference, notwithstanding a levy may be first made under another execution; but if a levy and sale of any goods and chattels shall have been made under such other execution, before an actual levy under the execution first delivered, such goods and chattels shall not be levied upon or sold by virtue of such first execution." "Sec. 17. The title of any purchaser in good faith, of any goods or chattels, acquired prior to the actual levy of any execution, without notice of such execution being issued, shall not be divested by the fact that such execution had been delivered to an officer to be executed, before such purchase was made." These statutory provisions have been construed by the courts of New York. In Slade v. Van Vechten, 11 Paige, 21, it was held, that where an execution is in the hands of the sheriff at the time of a general assignment of the property of the defendant in the execution for the payment of his debts, the lien of the execution upon the personal property liable to seizure and sale thereon is paramount to the title of the general assignee; and that the general assignee is not a bona fide purchaser within the meaning of the foregoing provisions which protects the title of bona fide purchasers who have purchased between the delivery of the execution to the sheriff and an actual levy upon the property. To enable a subsequent purchaser or assignee of the debtor's property to overreach the prior legal lien of the execution thereon, before levy, and to protect his title under section 17 of the statute, he must show that he is a bona fide purchaser without notice, within the intent and meaning of said section. A subsequent purchaser, who obtains the legal title to property merely in satisfaction of a pre-existing indebtedness, is not entitled to protection, as being a bona fide purchaser who has no notice of a prior lien on the property. Ray v. Birdseye, 5 Denio,

625. See, also, Roth v. Wells, 29 N. Y. 489, 490; Williams v. Shelly, 37 N. Y. 375.

Under the statute of New York, the goods and chattels of this debtor, situated within the jurisdiction of the sheriff, were bound as against the debtor, from the time of the delivery of the execution to the sheriff to be executed. They were so bound, without any levy being made under the execution. This binding created a lien and was a lien. The bankruptcy statute does not invalidate such a lien, but recognizes and allows it. Sections 5066, 5075. The bankrupt's goods and chattels passed into the hands of the assignee in bankruptcy subject to this lien. He took them as security for the precedent debts of the general creditors of the bankrupt, and not as a purchaser of them in good faith without notice of the issuing of the execution. He took no greater title in them than the bankrupt had at the time the petition in bankruptcy was filed, and that was a title subject to the lien of the execution. Under sections 5044, 5046, and 5047 of the statute, he took "the like" rights and remedies which the bankrupt had when the proceedings in bankruptcy were commenced, but no greater rights or remedies.

I am referred to the case of In re Tills [Case No. 14,052] as holding a contrary view. The point of that decision is, that the seizure of the goods of an execution defendant by the United States marshal, under a warrant of seizure on an adjudication in bankruptcy on a creditor's petition, is such an execution of process as will divest the lien of a prior unlevied execution. The case arose in Missouri and was decided according to the statutes of Missouri and their interpretation by the state courts of Missouri. It was held, that the law of Missouri was, that where there were two executions, the later one, if there was a levy under it, gave to it priority over an earlier one, under which no levy was made till after the levy under the later one; that the delivery of an execution to the sheriff gave a lien which bound the debtor's goods in the hands of the debtor, and of any one to whom he might voluntarily convey them, but such lien would bind neither the goods nor their proceeds in the hands of an officer who had seized them under process from a court of competent jurisdiction at the instance of another creditor; and that a seizure of the goods by the marshal under a warrant in involuntary bankruptcy, after adjudication, had the same effect as the levy of an execution, to divest the lien of a prior unlevied execution.

In the case now under consideration not only was the adjudication of bankruptcy made on a voluntary petition, but the statute of New York, before cited (section 14), differs entirely from the law of Missouri, for it expressly provides, that, "if there be several executions issued out of a court of record against the same defendant, that which shall have been first delivered to an

officer to be executed, shall have preference, notwithstanding a levy may be first made under another execution." Therefore if an adjudication on a petition in voluntary bankruptcy, or an assignment following such adjudication, could be regarded as equivalent to the issuing and levy of a second execution, the first execution would, under the statute of New York, have preference. The execution in this case secured, therefore, a lien which the laws of New York would enforce, notwithstanding the goods should have been afterwards seized under a later execution from a court of record. The bankruptcy proceedings can have no greater force or effect than a levy under such later execution would have; and, therefore, the lien of the execution in this case is one which must be allowed in the bankruptcy proceedings.

The case of In re Weeks [Case No. 17,350] is very much like the present one, and the decision there was in accordance with the views I have expressed. The petition in that case was one in voluntary bankruptcy, and the statute of Illinois was like the New York statute and different from the Missouri statute.

In the case of In re Rust [Id. 12,171] it was held, in the Northern district of New York, under the bankruptcy act of 1842, that the mere delivery of an execution to the sheriff did not give to the judgment creditor a lien which would prevail over the title acquired by the assignee in bankruptcy to the personal effects of the defendant in the execution, under a decree of bankruptcy against him. The case was one in involuntary bankruptcy.

But, while the lien of the creditor by virtue of the execution will be acknowledged, it is not proper that the sheriff should be allowed to take or sell the goods. He never made any levy on them or acquired any property in them. The goods must be sold by the assignee separately from other goods, and then the execution creditor can make such application to this court in respect to the proceeds as he shall be advised.