Sandford, J.
(With the concurrence of all the justices of the court.) We have considered this novel proceeding, and are confirmed in our first impression, that it is founded on an entirely erroneous construction of the code. The definitions made in title fifteen are necessarily general in their character, and are controlled by specific provisions, limiting or enlarging them, wherever they occur in the same statute. Where there is nothing in the particular provision to show that the words “ personal property,” have a different meaning, section four hundred and sixty-three no doubt extends them to include things *694 in action. But it is equally plain that there are particular provisions which preclude those words in the section relative to executions from embracing things in action; and there is nothing in any specific enactment of the code which indicates that the legislature designed to make a change so radical in its nature, and so very difficult to be regulated and guarded against abuse. The substitute for the former creditor’s suit after execution, enacted in the second chapter of title nine, is carefully framed to reach and apply things in action and evidences of debt, and is quite inconsistent with the idea of a levy and sale by the sheriff being equally open to the creditor.
In the remedy by attachment as a process in a suit, the sheriff is to attach all the defendant’s property. He is not permitted to sell any things in action of the debtor. He is to collect and receive them, pending the suit, and pay the proceeds to the plaintiff on the judgment recovered; and also after judgment, he is to proceed with such collection and payment until the judgment is satisfied. ■ Yet the same chapter directs the sheriff to sell on the execution on the judgment recovered, all other real and personal property attached. A conclusive answer to the proceeding attempted, is .found in the requirement of law that personal property offered for sale on execution, must be present and within view of those attending the sale. Such was the common law, and it was enacted in 2 Eev. St. 361, § 23. By section two hundred and ninety-one of the code, the existing provisions of law, relating to executions and sales under them, were applied to the executions prescribed by that chapter, when not in conflict therewith. So far from being in conflict, the requirement of law just stated is in harmony with all the provisions of the chapter of the code relative to “ the execution of the judgment in civil actions.”
Motion denied.