## SUPREME COURT.

### JAMES V. C. TELLER agt. GEORGE RANDALL and BENJAMIN M. BRIARE.

Where, on examination of a judgment debtor in *supplementary proceedings*, it appears that subsequent to the service of the order for such examination the defendant has conveyed, by bill of sale, personal property owned by him, to a creditor who claims to be a *bona fide* purchaser for value, the judge before whom the proceedings are pending has no authority to go on and *try the disputed question of title* as to such property. Such title can only be determined *by legal proceedings commenced expressly for that purpose by a receiver duly appointed.* (*This decision adds another to a number of others holding the same doctrine;—controlling among them is, Rodman* agt. *Henry,* 17 *N. Y. R.* 482.)

*Albany General Term, December,* 1862.

HOGEBOOM, PECKHAM and MILLER, *Justices.*

APPEAL by defendant Randall from an order made by the county judge of Albany county in proceedings supplementary to execution.

Upon the examination of the defendant Randall before the referee, it appeared that he had received money from the avails of property sold and disposed of since the service of the order upon him ; which property, it was alleged, belonged to one Stone, and which the defendant claimed to have transferred to Stone by a bill of sale.

It appeared upon the examination that the defendant claimed to be indebted to Stone for liabilities incurred by him as indorser of notes, and, prior to the service of the order, executed to Stone a bill of sale of the personal property sold by him, including also other personal property. On the 18th of September, 1862, the county judge made an order that the defendant show cause before him, on the 22d of September following, why an attachment should not be issued against him, and he be punished for a contempt, for selling, disposing of and interfering with his property since the service of the first order.

The defendant appeared, interrogatories were filed, and

the defendant answered substantially as upon his examination under the first order.   The affidavit of Stone was also introduced, showing that he, Stone, claimed to own the property sold and disposed of by the defendant, under the bill of sale to him, as stated by the defendant.   The county judge thereupon made an order that the defendant was guilty of misconduct in having disposed of the property in violation of the first order, and adjudged that he pay a fine of sixty-five dollars (that being the value of the property) to the plaintiff; and that an attachment issue against the defendant, and that he be committed to the county jail of Albany county until the said fine was paid.

JOHN D. LIVINGSTON, *for defendant.*
J. LAWSON, *for plaintiff.*

By the court, MILLER, Justice.   The question presented upon the appeal arises under the provisions of the Code in regard to proceedings supplementary to execution.

The proceedings were instituted under section 292, and it is provided by section 297 that the judge may order the property of the judgment debtor, not exempt from execution, in the hands of either himself or any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment.   It is, however, quite obvious from section 299, that it was not intended that the judge should proceed to try the title to property, when it was disputed, and summarily to determine to whom it belonged. The proper course to be pursued in such cases would be to appoint a receiver, and by an action to test any question which may arise as to the validity of the claim.   In the case of *The People* agt. *King* (9 *How.* 97) it was decided that in supplementary proceedings, where the title to funds . in the hands of the defendant is in dispute, claimed by persons other than the defendant, it was improper to make an order that the defendant pay over the money and apply it

directly in satisfaction of the judgment; and that the judge had no authority to try and determine, in this summary manner, these conflicting claims. (*See also Sherwood* agt. *Buffalo R. R. Co.* 12 *How.* 139 ; *Rodman* agt. *Henry*, 17 *N. Y.* 484.)

Under the cases cited, I do not think that the county judge was authorized to make the order imposing a fine upon the defendant.

Although the property which was claimed by Stone had been converted into money, and in this respect may be considered in somewhat of a different aspect from other property which might be seized on execution, yet I do not consider that this fact alters the principle applicable to the case. The judgment debtor claimed that it belonged to a third party, who also claimed to own it. With these conflicting claimants the title could only be determined by legal proceedings commenced expressly for that purpose.

It is said that the appointment of the receiver would be of no avail, as the debtor was irresponsible and insolvent, and the money could only be reached and applied by the order of the judge, to pay it over to the judgment creditor. I do not think that this view of the case can be sustained.

The very same end could be accomplished in another way, and quite as effectually. While the judge had no power to decide a disputed question as to the ownership of the money, in this summary manner, he had full authority to order the appointment of a receiver, who might bring an action against the claimant to test the question of ownership. (17 *N. Y.* 384.) Here was a full and adequate remedy, and in accordance with what I understand to be the practice in similar cases. The county judge actually determined the whole question of title by his proceedings. This, I think, he had no right to do; and the proceedings should be reversed, with $10 costs of appeal.

PECKHAM, J., dissented.