Roy *v.* Baucus.

---•-•-•---

## ROY *vs.* BAUCUS.

The order of a county judge, made in proceedings supplementary to execution, for the payment of money in the hands of a third person, will not affect the rights of an assignee who has advanced money on the faith and security of the fund in good faith, and who is not a party to the supplementary proceedings.

The code does not contemplate the adjudication of the rights of assignees, by a judge, in so summary a manner. When the fact of the assignment of a fund in the hands of a depositary, by the owner, is made known to the judge, he ought not to order it to be paid over to the judgment creditor.

If, with notice of the assignment, and of the claim of the assignee thereunder, the depositary pays over the fund to a judgment creditor of the owner, even upon the order of a county judge, he does so at his peril.

THIS was a motion for a new trial, on a bill of exceptions ordered to be heard at the general term in the first instance. The action was brought against the defendant to

Roy *v.* Baucus.

recover $70 paid to him as an executor of the will of John Roy, deceased. The will appropriated the interest of $2000 to the testator's widow, and appointed the parties to this suit executors. The widow, in October, 1858, assigned this interest to the plaintiff, "to demand and receive it, but to hold the same for my sole use and benefit, and out of the same to reimburse himself for any and all moneys that he may advance to me from time to time, for my support." The widow was very aged—was poor, having this fund alone for her support. After the receipt of the money by the defendant, one Hull took supplemental proceedings against her; to satisfy a judgment he had against her. Subsequently a county judge ordered the defendant to pay the money to Hull, on his debt. The plaintiff was no party to the proceedings. The testimony satisfied the judge at the circuit (at least that there was enough to go to the jury upon) that the defendant had notice of this assignment, prior to his payment of the money.

*R. A. Parmenter*, for the plaintiff.

*W. A. Beach*, opposed.

*By the Court*, PECKHAM, J. I see no objection to the assignment. Its good faith and fairness are not questioned. It is not prohibited by the statute against the assignment of an interest "in a trust for the receipt of the rents and profits of land." (3 *R. S. 5th ed.* 21, § 82.) It is not such a trust.

The assignment being valid, the plaintiff was entitled to this money for advances he had made, as the testimony showed, on its faith and security; all which, as I think the testimony showed, was well known to the defendant before he paid the money, and prior to the order for the payment, made by the county judge. He was careful, however, to take security and indemnity, on paying it over. The order of the

county judge could not affect the rights of this plaintiff. He was no party to that proceeding, and was not bound by it The code never contemplated the adjudication of the rights of assignees, by a judge, in this summary manner. The fact of the assignment being made known to the judge by the testimony, I think he erred in ordering the payment.

Within the spirit of the 299th section of the code this claim should not have been so disposed of. "If it appear that a person alleged to have property of the debtor or indebted to him, claims an interest in the property, adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person, by the receiver; but the judge may by order forbid a transfer or other disposition of such property, &c. until a sufficient opportunity be given to the receiver to commence the action and prosecute the same to judgment and execution," &c.

The spirit of that provision applies to this case, and should have controlled the action of the judge. Nor is it any answer to say that the order was obligatory until it was reversed. If it were erroneous, as to this defendant, he should have seen that it was reviewed and reversed, or have complied with its directions, at his peril. He well knew that the plaintiff claimed to be the assignee and owner of this claim. If he were so in fact, then this defendant did not owe the judgment debtor any thing. He owed this plaintiff; and he can neither pay that debt by paying the judgment debtor after notice of the assignment, or by complying with an order entirely void, so far as it respects this plaintiff. Fragile and feeble would be the rights of an assignee if they could thus be adjudged and finally determined in such a summary proceeding, to which he was not even a party.

The rights of the parties must therefore be settled in this suit. If, under the circumstances of this case, with notice of the assignment and of the claim of the plaintiff thereunder, both of which, I think, the evidence sufficiently

establishes, the defendant thought proper to pay over this money, he paid it at his peril. The plaintiff, I think, is both legally and equitably entitled to it, and the defendant must resort to his indemnity, to secure himself.

A new trial should be granted; costs to abide the event.

[ALBANY GENERAL TERM, December 7, 1863. *Hogeboom, Peckham* and *Miller*, Justices.]