HENRY BARNARD *v.* WILLIAM A. KOBBE AND OTHERS.

In an action by a consignor against his consignee for the conversion of the pro-
ceeds of certain goods consigned for sale, it is no defense that the defendant
paid over the proceeds to a creditor of a third person, alleged to be the owner
of the goods, in obedience to an order of a judge made in supplementary pro-
ceedings against such third person, under §§ 294, 297 of the Code of Pro-
cedure.

Where it appears that a judgment debtor's right to money in the hands of a
bailee is disputed, the court has no authority, in supplementary proceedings
against such debtor, to order the same to be paid over by the bailee towards
the satisfaction of the judgment. The conflicting claims of the bailor and of
the judgment debtor to the money can only be tried and determined in an
action brought for its recovery by a receiver appointed for that purpose.

Such an order having been made without authority, obedience to it by the bailee
will not afford any protection to him against the bailor's action for a conversion
of the money.

APPEAL by the defendants from a judgment entered on the
verdict of a jury at trial term under the direction of the
court.

The action was for damages for the conversion of the pro-
ceeds of certain goods consigned by the plaintiff to the defend-
ants for sale on commission.

An answer having been interposed, a motion was made for
judgment upon the frivolousness of the answer. The motion
was granted, with leave to serve an amended answer. The or-
der was afterwards affirmed at general term. (*Barnard* v.
*Kobbe, ante,* p. 35.)

The defendants having served an amended answer, the
cause went to trial upon the issues. It appeared on the trial
that in the beginning of May, 1868, the plaintiff sent a quan-
tity of millinery goods and merchandise to the defendants, who
are auctioneers and commission merchants, doing business in
the city of New York, under the firm name of Kobbe, Corlies
& Co., with instructions to sell the same on his account.

On the 16th day of May, 1868, the defendants sold certain
of said goods and rendered to plaintiff an account sales thereof,

and on the 23d day of May, 1868, they sold the remainder of said goods and delivered to plaintiff an account sales thereof.

By these two statements or accounts sales, the defendants acknowledged themselves indebted to the plaintiff in the aggregate in $1967.45, after deducting commissions, expenses, etc.; to recover which sum this action was brought.

On the 23d of May, 1868, an action was commenced in the Supreme Court by Leopold Peck and Philip Schulhoff against one Emanuel M. Arnstein, and on the same day an attachment was issued against the property of the latter on the ground that he was a non-resident.

This attachment was delivered to the sheriff of the county of New York, and he certified that on said 23d May, 1868, he served a certified copy of the same on one of the defendants in this action, and that he thereby attached the proceeds of all property consigned by the plaintiff to the defendants herein, as the property of said Arnstein.

On the 17th day of July, 1868, Peck and Schulhoff recovered judgment against Arnstein for $4128.70, and on the same day execution thereon was issued to the sheriff.

On the 3d day of August, 1868, an order was made by Justice Barnard, of the Supreme Court, requiring Kobbe, Corlies & Co., to appear before him and be examined concerning the property of Arnstein, alleged to be in their hands.

The defendant Kobbe appeared and was examined, and subsequently, on the 13th day of August, 1868, an order was made by the same Justice, directing the defendants herein to pay over to Peck and Schulhoff, or their attorney, the said sum of $1967.45 in their hands, attached as the property of the defendant (Arnstein) in said action, the same to be applied on the judgment aforesaid.

In obedience to such order, the defendants herein paid over the money, prior to the time when this action was commenced.

The court directed the jury to find a verdict for the plaintiff for the full amount claimed with interest, and ordered the exceptions to be heard at general term in the first instance, the entry of judgment to be suspended in the meantime.

*H. A. Nelson and H. F. Pultz*, for appellants.

I. After the service of the attachment, the defendants had no right to pay over the money to the plaintiff. (Code § 232, 463.)

II. The proceedings supplementary to the execution and payment over of the money is a defense to the plaintiff's right to recover in this action. The sufficiency of the affidavit in those proceedings, upon which the supplementary order issued cannot be questioned in a collateral proceeding. ( *Wells* v. *Thornton*, 45 Barb. 390.)

III. Although as a general rule a bailee of property cannot set up against his bailor, that a third party has a better title to the property, it is also true that if goods are taken from the bailee by the authority of the law, exercised through regular and valid proceedings, it will be a defense to an action by the bailor. (*Bliven* v. *Hudson R. R. Co.*, 35 Barb. 191; Angell on Carriers, § 387*a*.) The Justice of the Supreme Court was authorized to make the order requiring the defendants to pay the money to the judgment creditor. (Code, § 279.)

*Benedict & Boardman*, for respondent.

I. No testimony was offered to prove that the property or its proceeds was not the property of the plaintiff.

II. The property was neither levied on nor taken out of the possession of the defendants by the sheriff under the attachment issued to him against Arnstein.

III. Even if the property had been Arnstein's, the Supreme Court had no jurisdiction to order the money to be paid over in part satisfaction of the judgment against Arnstein, because a defendant against whom an attachment has been issued and who has been served by publication, is not a judgment debtor within the meaning of the provisions of the code respecting supplementary proceedings. (*Barker* v. *Johnson*, 4 Abb. Pr. 435.)

IV. The order directing the payment of the money by the defendants to the judgment creditor of Arnstein was void. To

authorize the court to order property of a judgment debtor in the hands of a third party, to be applied towards the satisfaction of the judgment, it must be properly conceded to be his. (Code, § 299 ; *Stewart* v. *Foster*, 1 Hilt. 505 ; *Sanford* v. *Moshier*, 13 How. Pr. 137.)

By THE COURT.*—LOEW, J.—The general rule unquestionably is that a bailee or consignee cannot controvert or dispute the title of his bailor or consignor.

But this, like almost every other general rule, has its exceptions, and one of these permits the bailee to show in defense to an action by the bailor, that the goods were seized under judicial process, duly and regularly issued.

If, therefore, the sheriff by virtue of the attachment which was issued out of the Supreme Court against the property of a third party had taken the plaintiff's goods from the defendants against the will or determination of the latter, I have no doubt that they upon giving due notice of the seizure to the plaintiff, would have been relieved from all liability.

But it is conceded, that before the issuing of the attachment, or, at all events, before the certified copy thereof was served on the defendants, the goods had all been sold, and that the sheriff did not take the proceeds arising from said sales out of the possession of the defendants.

The money in the hands of the latter was, it appears, subsequently paid over by them to the judgment creditors, at whose instance the attachment had been issued, in compliance with an order made by a Justice of the Supreme Court, in supplementary proceedings.

The question then arises, whether the payment made by the defendants, in obedience to said order, constitutes a defense to the plaintiff's right of recovery in this action.

In my opinion it does not.

It is true that under sections 294 and 297 of the code, the judge may, after the issuing or return of an execution, require third persons, having property of the judgment debtor to an amount

---

* Present—Robinson, Loew and Larremore, JJ.

exceeding ten dollars, to appear before him and answer concerning the same, and may order any such property, not otherwise exempt, to be applied towards the satisfaction of the judgment.

But it is also true that, to warrant such an order, it must be admitted or conceded, that the money or other property in reality belongs to the judgment debtor. (*Stewart* v. *Foster*, 1 Hilt. 505; *Crounse* v. *Whipple*, 34 How. Pr. 333.)

Section 299 expressly provides that if it appear, that a person, alleged to have property of the judgment debtor, claims an interest therein adverse to him, such interest shall be recoverable *only* in an action against such person by the receiver.

This section was evidently intended to restrict the power conferred on the judge by section 297, so that, as we have already seen, it should only be exercised in cases where the judgment debtor's title to the property is clear and undisputed.

Whenever it appears that the debtor's right to the money or other property alleged to belong to him, is disputed—as was the case here—the judge has no power or authority to order the same to be applied directly towards the satisfaction of the judgment, in as much as the conflicting claims can only be tried, settled, and determined in an action brought for the recovery thereof by a receiver appointed for that purpose. (*Rodman* v. *Henry*, 17 N. Y. 482; *Teller* v. *Randall*, 26 How. Pr. 155; *Sherwood* v. *Buffalo & N. Y. R. R. Co.* 12 *id.* 139; *The People,* &c., v. *King,* 9 *id.* 97.)

This rule, it seems to me, should—within the reason and spirit, if not the strict letter of § 299—be more particularly applied to a case like the present, where the third party, in whose possession the money or goods are, is merely a bailee or consignee.

It would be strange, indeed, if a party owning or claiming to own property, could be divested of it without any opportunity of being heard, by a summary order bestowing it on another, made in proceedings to which he is not a party, and of which he has no knowledge.

Yet, that is precisely what was done or attempted to be done in this case.

For, although the testimony given by the defendant Kobbe on his examination shows that when the plaintiff demanded of the defendants the proceeds of the property he had consigned to them, they informed him that the same had been attached as the property of Arnstein; still it nowhere appears that he had any notice of the supplementary proceedings in which the order was made.

In my opinion it was beyond the power and jurisdiction of the justice of the Supreme Court to make that order, and the payment of the money by the defendants, as thereby required, cannot for that reason afford them any protection against the plaintiff's right to recover in this action.

It follows that the court below was right in directing the jury to find a verdict for the plaintiff, and that judgment should be ordered on the verdict for the plaintiff.

Ordered accordingly.