### In the Matter of the Petition of ERNEST L. DAWSON.

Where a debt due the defendant in an action has been attached therein, and, by virtue of an order of the court obtained on behalf of the plaintiff, the amount of the debt has been paid by the debtor to the sheriff, who misappropriates the same, the plaintiff must bear the loss.

(Argued June 5, 1888; decided June 19, 1888.)

APPEAL by John W. Wilson *et al.*, from an order of the General Term of the Supreme Court in the first judicial department, made January 23, 1888, which affirmed an order of Special Term, the substance of which is hereinafter stated.

In June, 1885, the said appellants began an action in the Supreme Court in the first district against the petitioner Dawson, to recover damages for breach of contract, and obtained an attachment therein on the ground of defendant's non-residence. This attachment was issued to Alexander V. Davidson, then sheriff of New York county, and in September following he levied' on a certain debt owing by McDowell, Pierce & Co. to Dawson. On December 23, 1886, on the application of the plaintiffs, the court made an order that McDowell, Pierce & Co. pay over to Davidson the attached

debt, amounting to $2,316.43.   Davidson received said amount
from McDowell, Pierce & Co., but failed to make deposit
thereof as directed, whereupon, by order of February 12, 1886,
Davidson was adjudged to be in contempt, was fined in an
amount equal to the sum received by him under the attach-
ment, and a commitment was issued against him, but " on or
about February eighth " he fled the jurisdiction of the court
and has since remained a fugitive.   Dawson duly appeared in
the action in which said warrant of attachment was issued.
The issues were tried in October, 1886, and resulted in a judg-
ment in favor of said plaintiffs for $2,452.86.   Davidson left
a deputy authorized to transact his unfinished business, and in
November, 1886, an execution was issued on the judgment,
which was returned wholly unsatisfied.   Subsequent to the
return of the execution Dawson paid to plaintiffs the differ-
ence between the amount due on the judgment, with interest,
etc., and the amount received by Davidson from McDowell,
Pierce & Co.   In November, 1887, the plaintiffs procured an
order requiring certain alleged debtors of Dawson to appear
and be examined in proceedings supplementary to said execu
tion, whereupon Dawson presented to the court his petition
praying that said proceedings be vacated; that Davidson s
aforesaid deputy be ordered to amend his return to said execu-
tion, and that the aforesaid judgment be canceled of record.

The petition was granted and an order entered directing an
amendment of the return so as to show the execution to be
satisfied, directing the clerk to mark the judgment satisfied,
and vacating the supplementary proceedings.

*Henry D. Hotchkiss* for appellants.   Wilson & Co. are not
liable for the embezzlement by the sheriff of the moneys
attached by him. (*Shepard* v. *Rowe*, 14 Wend. 260; *Ladd*
v. *Blunt*, 4 Mass. 403; *Cohens* v. *Virginia*, 6 Wheat. 399.)
By suing out the attachment and causing Dawson's property
to be taken thereunder, Wilson & Co. merely called to their
aid the process which the law provided for them, and in no
way have they been guilty of any misuse of such process.

*Manhattan Co.* v. *Laimbeer*, 16 Cent. Rep. 329; Story on Bailments, § 624; *The Three Friends*, 4 Rob. Adm. 268; *The Young Mechanic*, 2 Curt. 404; *The Raleigh*, 2 Hughes, 44; *Goddard* v. *Perkins*, 9 N. H. 488; *Foulks* v. *Pegg*, 6 Nev. 136; *Neil* v. *Kenney*, 11 Ohio, 68; *The Flavilla*, 17 Fed. Rep. 399.) There is a marked distinction between the position of an attaching creditor and that of an execution creditor. (Drake on Attachments [6th ed.] §§ 5, 228; *Willing* v. *Bleeker*, 2 Serg. & Raw. 221–224; *Ex parte Foster*, 2 Story Rep. 148.) Wilson & Co. are not chargeable with the act of Davidson on any theory of agency. (*Hall* v. *Waterbury*, 5 Abb. N. C. 374; *Kerr* v. *Mount*, 28 N. Y. 659; *Raney* v. *Weed*, 3 Sandf. 577; *Welsh* v. *Cochran*, 63 N. Y. 184.) Where property is taken or held on interlocutory process, or for a purpose not final, any loss suffered in the property while so held and without the fault of the creditor, must be borne by him whose property is so taken. (*McBride* v. *Farmers' Bk.*, 7 Abb. Pr. 347; 24 How. 611n; *Clarkson* v. *De Peyster*, Hopk. Ch. 505; *De Peyster* v. *Clarkson*, 2 Wend. 77–107; *Parsons* v. *Travis*, 5 Duer, 650; *Worrall* v. *Munn*, 17 N. Y. 475.) Had there been no appearance by Dawson there could have been no process against any of his property in this state save that which had been subjected to the lien of the attachment. (*Cooper* v. *Reynolds*, 10 Wall. 308; *Schwinger* v. *Hickok*, 53 N. Y. 280; Code Civ. Pro. §§ 709, 1307, sub. 1.)

*Robert S. Rudd* for respondents. The return to an execution being untrue, the party aggrieved thereby has a right to have it vacated and a true return substituted. (*Todd* v. *Botchford*, 86 N. Y. 517; Smith on Sheriffs, 408.) A sum of money actually in possession of the sheriff by virtue of a writ of attachment satisfies, *pro tanto*, a judgment against the attachment debtor recovered in the action in which the attachment issued. Upon the issuance of an execution in due form to the sheriff, in such an action, he must satisfy it out of the funds in his hands to the extent thereof. (Code of Civ. Pro.

§§ 706, 708, 1370.) The case is similar to one in which property has been levied upon by virtue of an execution and reduced to possession by the sheriff. In such instances the judgment is satisfied. (*Scott* v. *Morgan*, 94 N. Y. 508; *People* v. *Hopson*, 1 Denio, 574–578; *Peck* v. *Tiffany*. 2 N. Y. 451.) The general appearance of the respondent did not enable the appellants to disregard the fund in the sheriff's hands. (Kneeland on Attachment, § 2, and note; id. § 34; *Robinson* v. *Nat. Bank*, 81 N. Y. 393.)

EARL, J. In June, 1885, Wilson & Knowlton commenced an action in the Supreme Court against Dawson to recover damages for breach of contract and obtained an attachment against Dawson's property on the ground of his non-residence. The attachment was issued to Alexander V. Davidson, then sheriff of New York county, and he attached a certain debt owing from McDowell, Pierce & Co. to Dawson. Such proceedings were thereafter taken in that action on behalf of the plaintiffs that McDowell, Pierce & Co. paid upon the debt attached, to Davidson, as sheriff, the sum of $2,316.43. Thereafter, and before judgment and execution in the action, Davidson misappropriated the money and absconded. The question now to be determined is, who is to bear the loss of the sheriff's misconduct and default, the plaintiffs or the defendant? We think the loss should fall upon the plaintiffs. If this money had been seized by virtue of an execution and the defendant had been deprived thereof, it is well settled that the loss would fall upon the plaintiffs, and that to the extent of the property thus taken the judgment and execution would be satisfied. (*People* v. *Hopson*, 1 Denio, 574; *Peck* v. *Tiffany*, 2 N. Y. 451.) In those cases the loss was held to fall upon the judgment creditors because property of the defendants was taken and lost to them in consequence of legal measures instituted by the creditors. We think the same rule, and for precisely the same reasons, should be applied to a case of property seized by virtue of an attachment. An attachment differs from an execution in that by virtue of it the

property of the alleged debtor is seized in advance for the satisfaction of any judgment that may thereafter be recovered in the action; and during the pendency of the action the property is held by the attaching officer as security for the judgment thereafter to be recovered. As in the case of an execution, the property is seized at the instigation of the attaching creditor and for his benefit, and if it is lost to the debtor the loss should fall upon the creditor, and he should take his remedy against the sheriff upon his official bond.

When one of two innocent parties must suffer by the wrong of a third party, it is frequently difficult to find an intelligible ground for placing the loss upon the one rather than upon the other; and the difficulty is solved, without any other reason, by holding that that one should bear the loss who put it in the power of the third party to commit the wrong. That rule may be applied here. The plaintiffs not only caused the attachment to be issued to the sheriff, but they procured the order which compelled McDowell, Pierce & Co. to pay the defendant's money to the sheriff.

If this money had been seized by virtue of an execution, it would at once have operated as a payment *pro tanto* upon the execution. Here, in theory of law, the money is in the possession of the sheriff, and when execution was issued to him it was at once applicable thereon and must be deemed to have been so applied. If the sheriff had been found within his county, and the execution had actually been delivered to him, he could not have returned the same unsatisfied, but could have been compelled to return the same satisfied as to the amount of money received by him upon the attachment. (Code, § 708.) And such a return would have been conclusive in favor of the defendant, and would have left the plaintiffs with their remedy against the sheriff for money received by him.

We are, therefore, of opinion that the order should be affirmed, with costs.

All concur.

Order affirmed.