### FROST *v.* CRAIG.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—DELIVERY TO RECEIVER.
    Where a debtor in supplementary proceedings has assigned to a third person certain personal property for an alleged indebtedness, his right to the possession of the property is "substantially disputed," within Code Civil Proc. N. Y. § 2447, providing that the judgment debtor may be required to deliver to the receiver personal property, "his right to the possession whereof is not substantially disputed," though there is no definite statement showing an actual indebtedness, and the order made in the proceeding should be, not that the debtor deliver the property to the receiver, but that he assign to him his rights and interests therein.

2. SAME—EXAMINATION—SUBSEQUENT ORDER OF ARREST.
    An order for the examination of a debtor in supplementary proceedings, and a subsequent warrant for his arrest under Code Civil Proc. N. Y. § 2437, on the ground that there is danger that he will leave the state, are entirely independent of each other; and the vacation of the former in no wise affects the latter.

Appeal from city court, general term.

Supplementary proceedings instituted by James M. Frost against Daniel D. Craig. On the day after the order for the examination of the debtor was made, a warrant for his arrest was issued, upon the ground there was danger that he would leave the state. The warrant was executed, and bond given by the debtor to appear and abide by the direction of the court or judge. The order for the examination was subsequently vacated, and a motion to vacate the warrant denied, and defendant ordered to appear for examination, which he did. A receiver was thereafter appointed, and the debtor now appeals from an order of the general term of the city court affirming an order requiring him to deliver over a certain life insurance policy to the receiver. Code Civil Proc. N. Y. § 2447, provides: "Where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles and personal property capable of delivery, his right to the possession whereof is not substantially disputed, or in the possession or under the control of another person, the judge by whom the order or warrant was granted, or to whom it is returnable, may in his discretion, * * * make an order" directing the judgment debtor to deliver the property to the receiver.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Albert I. Sire,* for appellant.    *S. H. Little,* for respondent.

DALY, J.    This is an appeal brought by the judgment debtor from an order of the general term of the city court affirming an order made by that court, in proceedings supplementary to execution, requiring him to deliver to Isaac L. Falk, receiver appointed in such proceedings, a life insurance policy for $2,500 issued by the Mutual Life Insurance Company of New York upon the life of the judgment debtor. The judgment debtor claims to have transferred.

the policy in question as security for an indebtedness due from him to the estate of Henry Baird, of which he was executor.   No definite statement as to the amount of such indebtedness is made by him, or by any other person.   He testifies, generally, that he owed the estate $1,500 to $1,600; that he took it and some bonds; that he invested some money of the estate in bonds, and transferred those bonds to some creditor of his, or disposed of them,—he does not remember which.   The present holder of the policy, Lewis T. James, the substituted trustee of the said estate, makes no statement; but his attorney, A. W. Cutler, of New Jersey, swears that he holds the policy as security for indebtedness of the judgment debtor, but is not able to say what the exact indebtedness is, but is satisfied that it exceeds $2,500.   J. C. Youngblood, the attorney for the judgment debtor in matters relating to the said estate, swears that he has the vouchers of the latter in his hands, and, after giving him credit for moneys expended on account of the estate, he is indebted to it in a considerable sum, the amount of which cannot at this.time, owing to the ill-health of the judgment debtor, be ascertained.   But, although there is no definite statement showing an actual indebtedness from the judgment debtor to the Baird estate, the fact appears to be that he has assigned the policy to his successor, the substituted trustee, as security for an alleged or admitted indebtedness, and that it may be the right and duty of the latter, as such trustee, to deliver the policy required by law to do.   Under such circumstances, the right of the judgment debtor to the possession of the property may be said to be "substantially disputed," within the terms of the Code, § 2447; and the order made in the supplementary proceedings should be, not that the judgment debtor deliver the policy to the receiver, but that he assign and convey to the latter the said policy, and all his right, title, and interest therein, so that the receiver may be in a position to take proceedings to receive it from James, the trustee, if the latter has no right to retain it.   The order appealed from should be modified accordingly, without costs of this appeal to either party, and as so modified affirmed.

The judges of the city court properly decided that the warrant upon which these proceedings were instituted (Code, § 2438) was independent of the previous order for examination, and that the vacating of such previous order did not affect the warrant.   The Code permits the supplementary proceedings to be instituted by warrant instead of by order, (section 2437,) and also permits the warrant to be issued at any time after an order is granted; but it does not appear that in the latter case the subsequent vacating of the order requires the vacating of the warrant.   The section provides that the judge may, if necessary, direct the adjournment, or, if the return-day of the order has elapsed, the continuance, of the proceedings under the order until after the return of the warrant and his decision thereupon.   This shows that the judgment creditor may abandon the proceedings instituted by the order, and elect to proceed under the warrant, or may keep the proceedings under the order alive until his right to proceed under the warrant is established.   But the complete independence of the two proceedings is thus clearly indicated.

The appellant cannot take advantage of any irregularities in the recitals in the warrant, because such irregularities were not specified in his motion to vacate it.   Rule 37, Code, § 323.   The order denying the motion to vacate the warrant must be affirmed, and so with the other intermediate orders appealed from.   No authority is cited for the proposition that the motion to compel delivery of property to the receiver cannot be made by the judgment creditor.   The order appealed from should be modified as heretofore directed, and as so modified affirmed, without costs to either party.