SICKLES, Sheriff, *v.* SULLIVAN.

*(Supreme Court, General Term, First Department.   June 29, 1892.)*

EXECUTIONS—LEVY ON PLEDGED CHATTELS.
Code Civil Proc. § 1405, providing that chattels of a judgment debtor are, when situate within the jurisdiction of the officer to whom an execution against property is delivered, bound by the execution from the time of the delivery thereof to the officer to be executed, applies to the equity of the judgment debtor in pledged chattels; and, the chattels thereafter being sold by the pledgee, the execution attaches to the surplus in his hands arising from the sale, so that the sheriff is entitled thereto under the execution, in preference to a receiver appointed in aid of a subsequent execution.

Appeal from special term, New York county.

Action by Daniel E. Sickles, sheriff, against David A. Sullivan, as receiver of Rosenberg & Baker, to determine priority of claim to certain funds. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*F. R. Kellogg,* for appellant.   *Hays & Greenbaum,* (*D. P. Hays,* of counsel,) for respondent.

VAN BRUNT, P. J.  In March, 1890, judgments in favor of a large number of people were entered in the office of the clerk of the city and county of New York against Louis Rosenberg and Ismar Baker, and at the same time

executions were issued therein to the sheriff.    At the time of the issuing of the said executions there were in the possession of Wilmerding, Morris & Mitchell goods belonging to said Rosenberg & Baker, the judgment debtors, upon which said Wilmerding, Morris & Mitchell claimed a lien for advances. On the 2d of April, 1890, judgment was entered in the office of said clerk in favor of Emil Oelbermann and Louis Domerich against said Rosenberg & Baker, and the judgment duly docketed, and execution issued to the sheriff. On the 11th of April, 1890, the goods in question were sold by Wilmerding, Morris & Mitchell, but not at a regular sheriff's sale; and the balance of the proceeds, after deducting advances, expenses, and charges, amounted to $856.01.    On the 29th of April, 1890, an order was made in the action of Oelbermann, whose execution was outstanding in the hands of the sheriff, for an examination of the members of the firm of Wilmerding, Morris & Mitchell, and such steps were taken in those proceedings as resulted eventually in the appointment and qualification of this defendant as receiver of the property of the judgment debtors above mentioned.    Both the sheriff and the defendant caused demand to be made upon Wilmerding, Morris & Mitchell for the payment to them, respectively, of the sum representing the equity of Rosenberg & Baker in these goods; and, this demand having been refused, each party to the present action commenced suit against Wilmerding, Morris & Mitchell to recover this fund.    A motion having thereupon been made for an order of interpleader, and for permission to deposit the fund with the clerk of the court subject to the future determination of an action between the sheriff and the receiver, such order was granted and substitution duly made.    Subsequently the suit came on for trial at the special term, where it was decided that the fund should be awarded to the plaintiff, and judgment was entered accordingly, with costs as against the defendant.    From this judgment this appeal is taken.

It is claimed upon the part of the appellant that the defendant, by his appointment as receiver of the assets and effects of Rosenberg & Baker, became entitled to this fund, in the absence of any prior lien attaching thereto on behalf of the sheriff.    This is undoubtedly true, and the only question involved is whether a prior lien did not attach in favor of the sheriff by virtue of the execution held by him.    The claim that no such lien did attach in favor of the sheriff is urged upon the ground that the only method by which the sheriff, acting under an execution, can acquire a lien upon or interest in the judgment debtor's equity in property pledged to a third person as security for money advanced, is that pointed out in section 1412 of the Code.    What that section has to do with the question of lien it is impossible for us to imagine. It relates entirely to the method in which a sale may be had of the interest of the judgment debtor in personal property lawfully pledged.    Section 1405 of the Code seems to dispose of the whole question, it appearing that the goods and chattels of a judgment debtor not exempt by express provision of law from levy and sale by virtue of an execution, and his other personal property which is expressly declared by law to be subject to levy by virtue of an execution, are, when situated within the jurisdiction of the officer to whom an execution against property is delivered, bound by the execution from the time of the delivery thereof to the proper officer to be executed, but not before. Therefore the interest of the pledgor in the goods in the hands of Wilmerding, Morris & Mitchell became bound by the executions the moment that they came into the hands of the sheriff, without any levy being made.    If Wilmerding, Morris & Mitchell sold the goods, and there was a surplus in their hands belonging to the judgment debtor, the executions attached to this surplus in precisely the same manner, and therefore the sheriff was entitled to take it under the executions as so much money.    It is difficult to see how, by the appointment of a receiver in aid of an execution, the lien of a prior execution upon the property of the judgment debtor can be overruled.    Certainly such

a thing would be an anomaly in legal procedure. This being the view which we take of the law relating to the case, we have not thought it necessary to refer to many of the facts which are claimed to be established by the findings of fact; the more particularly so, as many of the findings are absolutely unintelligible. We think, therefore, that the judgment appealed from should be affirmed, with costs.