## DUFFY v. DAWSON.

### EVANS et al. v. SAME.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. ORDER ON FUND—EQUITABLE ASSIGNMENT.

   D. sold a store to J., receiving a note in part payment, but, before the note matured, J. sold the store, and refused to pay the note, alleging want of consideration. Under an agreement between the purchaser, D., and J., the purchaser placed a sum of money in the hands of P., to be paid to J. on a specified date, if no claims were made against the store; D. at the same time giving the purchaser notice of his claim against such fund. *Held*, that an order by J. on P. to pay a part of this fund to a third person, made before the date specified for the payment of such fund to J., and without the consent of the other parties interested in the fund, did not operate as an equitable assignment to such person, and vested no title thereto in him.

2. LIEN OF EXECUTION—CHOSE IN ACTION.

   A claim by such person that he had a first lien on the fund, by virtue of a prior execution, cannot be sustained where there was nothing to show that the fund was in bills, coins, or checks, or that it could be identified and levied upon by the sheriff.

Appeal from city court, general term.

Proceeding by Edward Duffy to determine priority of claim to a certain fund. From an order of the general term of the city court, reversing an order of the special term denying Duffy's right to the fund, (19 N. Y. Supp. 186,) Cornelius S. Evans and others, claimants of the fund, appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

A. Edward Woodruff, for appellants.

Edward W. S. Johnston, for respondent.


BOOKSTAVER, J.   A clear understanding of the facts in this case is necessary in order to the solution of the questions raised on this appeal. From the papers it appears that Duffy was at one time the owner of a liquor store on the southeast corner of 104th street and 3d avenue in this city; that the same was purchased of him by the judgment debtor, Dawson; that, in part payment for that purchase, he gave the plaintiff Duffy a promissory note for $400. Before that note was paid, Dawson sold the store to Thomas Barry. At the time of the last sale, December 16, 1891, this note was unpaid, and was disputed by Dawson, who claimed that it was not given for a valuable consideration. Thereupon it was arranged between Barry, the purchaser, and Dawson, the seller, and Duffy, the claimant, that the sum of $400, part of the purchase money on the last sale, should be placed in the hands of one C. L. Peetsch, to be paid to Dawson on January 16, 1892, if no liens or claims should be made against the store. At the same time Duffy gave notice to Barry that he had this claim against the $400 for a part of the purchase money of the store. Duffy thereafter, and on the 13th January, 1892, commenced his action against Dawson to recover the amount of the promissory note before mentioned. In that action Dawson was represented by Mr. Woodruff, as his attorney, and such proceedings were had therein that on the 2d February, 1892, judgment was entered on the verdict of a jury in favor of the plaintiff, and against the defendant, for the sum of $540.84. On the 3d February, 1892, one of the justices of the city court granted an order directing Peetsch to appear on February 6, 1892, to be examined as a witness in supplemental proceedings, and in that proceeding he was examined. On the 23d February, 1892, another justice of said court ordered Peetsch, immediately after the personal service upon him of that order, to pay the $400 in question to the sheriff of the city and county of New York, to be applied upon Duffy's execution, which order Peetsch obeyed and paid the money to the sheriff. Meanwhile, and on or about the 22d day of December, 1891, C. H. Evans & Sons, by Mr. Woodruff, commenced an action against Dawson to recover an indebtedness of $183, for goods sold and delivered. Dawson did not appear in that action, and judgment was entered by default on January 29, 1892, for the sum of $177.62, and execution was issued thereon to the sheriff on the same day, with directions to levy upon the $400 in the hands of Peetsch. During the pendency of the latter action, and on the 31st December,

1891, Evans received from Dawson an order upon Peetsch for him to pay Evans, out of the $400 held by him, the sum of $125, which was duly served on Peetsch on or about the same day. These facts having come to the knowledge of the sheriff, he refused to apply the money received by him under the order of February 23, 1892, upon the Duffy execu-, tion. Duffy then moved the court, upon notice to Evans and the sheriff, for an order requiring the latter to pay the $400 in question upon his execution, pursuant to the requirements of the order of the 23d February. Upon the hearing of that motion, the justice, sitting at special term, refused to grant it, on the ground, as stated in the order, that the court was of the opinion that it had no power to grant the same, which, we think, was not an exact statement of the reason for his refusal, which was rather, as appears from the case, that he thought, in a case where there was a dispute as to the title of the property, he ought not to grant the order. From this part of the order Duffy appealed to the general term of the city court, where the order was reversed, (19 N. Y. Supp. 186,) and the sheriff was again directed to pay the $400 to Duffy; and it is from this order that the appeal to this court is taken.

It is undoubtedly true that, where there is a controversy as to the title to property in the hands of a third person, he will not be ordered to deliver it over to the judgment creditor. In re Western Nat. Bank;[1] Frost v. Craig, (Com. Pl. N. Y.) 9 N. Y. Supp. 528; Barnard v. Kobbe, 3 Daly, 373; Rodman v. Henry, 17 N. Y. 482; Schrauth v. Bank, 86 N. Y. 390; Bank v. Pugsley, 47 N. Y. 368; Teller v. Randall, 26 How. Pr. 155: Roy v. Baucus, 43 Barb. 310. And the first question in this case is whether there is such a controversy in relation to the title to the money in question. All the facts in the case are before us, and on these facts we think questions of law only arise, which may properly be determined, on a motion, where all the parties interested are in court. There is no dispute of the fact that the money was deposited with Peetsch by consent of Duffy, Barry, and Dawson, to meet any claim or lien that might be made against the store before the 16th of January, 1892. Duffy, immediately on the deposit of the money, made a claim for the whole amount, and it was principally on account of this claim that the money was deposited. There is no doubt but that

[1] In this case Bookstaver, J., filed the following memorandum at special term, (court of common pleas of New York city and county,) April 8, 1892: "The affidavit of the creditor as to the property in the possession of a third party purports to be based on information and belief, without stating the source of such information. This in itself is bad, but the affidavit presented on behalf of the third party is unqualified that the property which was supposed to belong to the debtor is in reality the property of the third party. It is well settled that, where there is a controversy as to the title to the property in the hands of a third person, he will not be ordered to deliver it over to the creditor. Frost v. Craig, (Com. Pl. N. Y.) 9 N. Y. Supp. 528; 3 Rum. Pr. pp. 415, 416; Bank v. Pugsley, 47 N. Y. 368; Teller v. Randall, 40 Barb. 242. This being the law, I can see no reason why any examination should be had, under such a state of facts. It can result in nothing. In any event, the creditor can only recover the property through the intervention of a receiver duly appointed, and must commence his action for that purpose. The object of the examination in supplementary proceedings is not to discover the evidence of title to property, but property. The motion to dismiss the proceedings should therefore be granted, but, under the circumstances, without costs."

the order given by Dawson on Peetsch to pay Evans $125 was sufficient to convey a title to the same to Evans, and operated as an equitable assignment of the same, provided Dawson, at the time, had the right to give such order, and Peetsch was under obligation to accept it. Lauer v. Dunn, 115 N. Y. 405, 22 N. E. Rep. 270; Brill v. Tuttle, 81 N. Y. 454; Grain Cleaner Co. v. Smith, 110 N. Y. 83, 17 N. E. Rep. 671; Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. Rep. 870; Holmes v. Evans, 129 N. Y. 140, 29 N. E. Rep. 233; Gunther v. Darmstadt, 14 Daly, 368; People v. Comptroller, 77 N. Y. 45; Schmittler v. Simon, 101 N. Y. 554, 5 N. E. Rep. 452. And it has been held that a formal acceptance of such an order was not necessary in order to make it binding, but that notice of the same was sufficient. Williams v. Illuminating Co., (Com. Pl. N. Y.) 16 N. Y. Supp. 857; People v. Comptroller, supra. But in this case the money was deposited with Peetsch upon a special understanding between Duffy, Barry, and Dawson that it should be held until the 16th January for a special purpose; and Dawson, without the consent of the parties interested in the fund, could not divert it from that purpose by any order which he might give for the payment of a part of it to a third party, and Duffy had before that time made a claim for the whole of it. The order, we think, cannot avail Evans in this controversy.

But it is claimed that Evans & Sons had a first lien on the money by reason of their prior execution. This would undoubtedly be true if the specific money consisted of bills or coin deposited by Barry with Peetsch, and was kept intact and thus capable of actual manual seizure. In Insurance Co. v. Mayer, 14 Daly, 318, referring to execution liens, we held:

"As between creditors, this charge or lien attaches to personal property at the time an execution on the judgment is issued to the sheriff for service, so that, if the junior creditor issues the first execution, he takes priority as to personal property over all senior creditors; and, when the sheriff makes an actual levy on the debtor's goods and chattels, the lien becomes complete against all the world, including a subsequent purchaser in good faith."

See, also, Lambert v. Paulding, 18 Johns. 311; Roth v. Wells, 29 N. Y. 471; Williams v. Shelly, 37 N. Y. 375; In re Dawson, 110 N. Y. 114, 17 N. E. Rep. 668. But in this case there is nothing to show that the $400 deposited with Peetsch was in bills, coin, check, or otherwise; nor is there anything to show that the specific money or coin, if it were paid in money or coin, was kept apart from other money, so that it could be levied upon by the sheriff; and it does not appear that any levy was ever made upon it. The court below, and we think properly, has regarded it all the way through as a chose in action. Choses in action, in this state, have never been the subject of levy under execution. Ransom v. Miner, 3 Sandf. 692; Ingalls v. Lord, 1 Cow. 240; Denton v. Livingston, 9 Johns. 96; Carroll v. Cone, 40 Barb. 220, affirmed 41 N. Y. 216. Sickles v. Sullivan, (Sup.) 19 N. Y. Supp. 749, is not in conflict with these authorities, for that case decided that, under section 1405 of the Code, the execution bound property from the time of its delivery to the sheriff to be executed, and, if the goods were sold subsequently by a person authorized to do so, it followed the equity

of the judgment debtor in the pledged chattels, and attached to the surplus arising from the sale and remaining in the hands of the pledgee. That was because the lien attached to the pledged goods at the time of the delivery, and hence followed the proceeds of them, which is entirely different from holding that an execution may be levied upon a chose in action. On the other hand, supplemental proceedings are in lieu of the old creditors' bill; and in Lynch v. Johnson, 48 N. Y. 33, it was held that—

"Proceedings under sections 292 and 294 of the old Code [which were similar in all respects with sections 2441, 2446, and 2447 of the present Code] were parts of the same scheme for the collection of debts inaugurated by the Code; and that these sections furnish a simple substitute for the creditors' bill as formerly used in chancery; and that the commencement of the creditors' suit in chancery gave the creditor at once a lien upon the equitable assets of the judgment debtor. He was regarded as a vigilant creditor, the commencement of the suit being regarded as an actual levy upon the equitable assets of the debtor. Under sections 292 and 294, the service of the order takes the place of the commencement of the suit under the old system, and should give the judgment creditor the priority of a vigilant creditor, and a lien upon the equitable assets of his debtor,"—citing Storm v. Waddell, 2 Sandf. Ch. 494; Brown v. Nichols, 42 N. Y. 26.

See, also, McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. Rep. 948; Barnes v. Morgan, 3 Hun, 705; Bevans v. Pierce, 1 City Ct. R. 259; the latter of which was in the city court, and is almost upon all fours with this case.

We therefore think the order appealed from should be affirmed, with $10 costs and disbursements. All concur.