FIRST NAT. BANK OF CHICAGO v. REINITZ.

(*City Court of New York, General Term.* April 27, 1889.)

ATTACHMENT—PREFERENCE OVER EXECUTION.

Code Civil Proc. N. Y. §§ 1406, 1407, regulating the order of preference among execution and attachment creditors, do not apply to cases where choses in action, or similar equitable interests, are taken under attachment, for the reason that such interests cannot be levied on under execution. Hence when a debt is attached under sections 648, 649, and paid into the hands of the sheriff, judgment creditors, whose executions are in the sheriff's hands at the time, but who have taken none of the statutory steps to reach the debt, are not entitled to share in the fund.

Appeal from special term.

Judgment was recovered herein January 31, 1889, for $1,672.49, and on the same day an execution was issued to the sheriff of the city and county of New York, who still holds it. In February, 1889, three attachments were issued against the defendant in actions in the supreme court, in which William E. Tofft and others are plaintiffs, under which attachments a levy was made on a debt of $339.59 owing to the defendant by R. J. Dean & Co. Certified copies of the attachments, with notices showing the interest levied upon, were served upon R. J. Dean & Co., who thereupon paid over to the sheriff, under the attachments, the sum owing, to-wit, $339.59, which is still in the sheriff's hands. The plaintiff applied for an order directing the sheriff to apply the amount so received on the execution issued by it. The application was denied, and the plaintiff appeals.

Argued before McADAM, C. J., and BROWNE and McGOWN, JJ.

*Peckham & Tyler*, for appellant. *Palmer & Boothly*, for respondent.

PER CURIAM. Sections 1406 and 1407 of the Code, regulating the order of preference among execution and attaching creditors, do not apply to cases where choses in action, or equitable interests of the character disclosed herein, are taken under attachment, for the reason that they cannot be levied upon under an execution. Crock. Sher. § 452. The Code prescribes the mode of levying on contract debts or choses in action under process of attachment, (section 648 *et seq.,*) but contains no such provision for a levy on such interests upon execution, probably for the reason that the judgment creditor has a more summary and effectual remedy by supplementary proceedings to examine the party owing the debt to the debtor, (Code, § 2441,) and by obtaining an order permitting the third person to pay over such debt to the sheriff, to be applied on account of the execution, (Id. § 2449.) The plaintiff failed to pursue this statutory remedy on his judgment, and the attaching creditors pursued theirs, under sections 648, 649, *supra;* and, by force of their proceedings, the $339.59 reached the sheriff for their benefit. The execution created no lien on this sum while in the hands of R. J. Dean & Co., and none could be created thereon except under section 2441, which was not put into use by the judgment creditor. The service of the attachments created a lien thereon by force of sections 648, 649, which cannot be divested by the judgment creditor. The money now in the hands of the sheriff is applicable to the attachments under which it was received. The attachments put the fund in his hands, and it cannot be diverted from the purpose for which it was paid in. If the fund in the sheriff's hands had arisen from a sale of real or personal property of a character that was liable to seizure upon execution as well as upon attachment, a different conclusion might have been arrived at; but as the equitable interest levied upon could not have been taken by the sheriff under the plaintiff's execution without an order, under section 2449, *supra,* (Crock. Sher. *supra,*) it is clear that the money in the hands of the sheriff, derived through an entirely different course of procedure, instituted by others for their benefit, cannot be made to inure to the advantage of the plaintiff. For these reasons the order appealed from must be affirmed, with costs.