PACH *v.* GILBERT, Sheriff.

*(Superior Court of Buffalo, General Term. April 9, 1890.)*

ATTACHMENT—VACATION—LIEN—REVERSAL OF ORDER.

Where the lien on goods seized under attachment is lost by their delivery to de-
fendant under an order vacating the attachment, it is restored by the reversal of
such order; and the attaching creditor is entitled to a preference in the application
of the funds realized on a sale upon subsequent executions though his own execu-
tion was the last received by the sheriff. Affirming 7 N. Y. Supp. 336.

Appeal from trial term.

Action by Moritz Pach against Frank T. Gilbert, as sheriff of Erie county,
for a failure to return an execution upon a judgment recovered by plaintiff
against one Lizzie Orr. The action is brought by the plaintiff against the de-
fendant in his official capacity, as sheriff of Erie county, for a failure to re-
turn within 60 days an execution issued to him out of this court upon a judg-
ment recovered by the plaintiff against one Lizzie Orr. On or about the 30th
day of December, 1887, this plaintiff, Moritz Pach, began an action against
Lizzie Orr in the superior court of Buffalo, and on that day obtained from a
judge of the court a warrant of attachment against her property. Under the
warrant the sheriff levied on the stock of dry goods of Lizzie Orr to an amount
sufficient to satisfy the plaintiff's demand. Immediately after the levy, and
on the same day, the defendant, Lizzie Orr, by her attorney, applied to the
judge who granted the attachment for an order vacating the warrant of at-
tachment, which order was granted; and the sheriff thereupon relinquished
his levy and redelivered the attached property to Lizzie Orr, according to the
direction of section 709 of the Code. The sheriff, after the warrant of attach-

ment was vacated, did not file it in the clerk's office, as directed by section 712 of the Code, but retained the warrant in his hands.   Subsequently thereto, however, the sheriff again seized the said property of Lizzie Orr upon several executions which came into his hands after the warrant of attachment was vacated, which executions were issued upon judgments confessed by Lizzie Orr.   But thereafter, on the 12th day of January, 1888, on motion of the plaintiff, Moritz Pach, the judge made another order setting aside his order vacating the warrant of attachment, and in and by his last order directed that "the lien of said attachment is restored."   The defendant, Lizzie Orr, appealed from the last order to the general term, which court affirmed the order of the judge.   1 N. Y. Supp. 760.   The defendant, Orr, then appealed to the court of appeals, and the court of appeals modified the order appealed from by striking out the clause, namely, "the lien of said attachment is restored," and, as so modified, affirmed the order.   20 N. E. Rep. 415.   The sheriff sold the property on the above-mentioned executions, which came into his hands after the warrant of attachment was vacated, and before the making of the order setting aside the vacating order.   The sheriff failed to realize on the sale upon the executions issued on the confessed judgments more than enough to satisfy those executions.   In this action, which is an action against the sheriff for not returning the execution issued on the judgment which the plaintiff recovered in his action against Orr, the sheriff, by his answer, sets up, by way of mitigation of damages, that the judgment debtor, Lizzie Orr, had no property out of which he could have made the executions, and also set forth that the defendant Orr's property was exhausted by the execution which he received before the attachment was restored.   Judgment was entered on a verdict for plaintiff, and a motion by defendant for a new trial upon the minutes was denied.   Defendant appeals.   For decision on motion to retax costs, see *ante*, 546.

Argued before BECKWITH, C. J., and TITUS, J.

*Charles B. Wheeler*, for appellant.   *O. O. Cottle*, for respondent.

BECKWITH, C. J.   A judge of this court allowed a warrant of attachment, upon which the sheriff immediately made a levy.   Afterwards, on the same day, upon a claim set up by the attachment debtor that the warrant of attachment was irregularly issued, the judge granted an order vacating the attachment, and thereupon the sheriff gave up the attached property to the owner. Subsequently, upon application of the attaching creditor, and after hearing the parties, the judge came to the conclusion that the warrant had not been granted irregularly, and he then made a second order setting aside the former order vacating the attachment, and further directing that "the lien of the attachment is restored."   From this second and last order the attachment debtor appealed to the general term, where the order was affirmed, and then appealed to the court of appeals, which court struck out the clause, "the lien of the attachment is restored," and, so modified, affirmed the order.   It is claimed by the defendant in this action that the decision of the court of appeals is conclusive as a decision that the lien of the attachment was not restored by virtue of the circumstance that the order vacating the attachment was itself vacated; and so it is claimed by the defendant that the executions received by him subsequently to the order vacating the attachment became first liens, and, a levy and sale on those executions having exhausted all the property of Lizzie Orr, that no damage has happened to the plaintiff because of a failure to make a return of his execution.   No doubt the lien which may be obtained by virtue of a warrant of attachment is incident upon a practical act following the issuing of the warrant, namely, an actual seizure of the property by the sheriff. The warrant and the act make the lien, if the right to hold and appropriate to the possible future judgment may be called a "lien."   If that sort of pre-existent lien which depends on possession is necessary in order to give the plain-

tiff, as an attaching creditor, a preference in the application of the moneys upon the executions, then the contention of the defendant bears some plausibility, on the theory that the plaintiff had no lien by virtue of his attachment when the executions on the confessed judgments were received by the sheriff; the plaintiff's execution being the last received. In the first place, it may be remarked that the decision of the court of appeals striking out the clause, "the lien of the attachment is restored," is not necessarily a decision that the original lien was not revived when the order vacating the warrant of attachment was itself revoked; for the clause might have been stricken out because it could not itself have the operative force to restore the lien, and because liens could not be got in that way. It is claimed, however, by the defendant's counsel, that the precise point was argued in the court of appeals, whether the lien could be so restored, and that the modification of the order made by the court of appeals can be fairly deemed to be a decision that the lien was not restored, but lost. As already remarked, I do not think that that decision is necessarily to the effect claimed by the defendant. The lien that resulted from the seizure of the goods under the attachment was but a legal right available to the plaintiff upon the recovery of judgment,—of no value unless he recovered judgment. It was something distinct from the actual possession of the goods by the sheriff. If the sheriff were deprived of his actual possession by fraud or artifice, the lien or right, nevertheless, would continue to exist. It is not apparent that the lien—the available right—was lost because the sheriff, by mistake, was directed to give up his actual possession, or that a correction of the mistake would not save the lien or right. The rights of the parties are to be determined from the statutes. The provisions of the Code do not, in every case, seem to make an actual seizure upon a warrant of attachment, nor actual possession, necessary in order to give an attaching creditor a preference on his execution. Section 697 provides that, where two or more warrants of attachment against the same defendant are delivered to the sheriff to be executed, their respective preferences and the rules, where a levy or levy and sale have been made under a junior warrant, are the same as where two or more executions are delivered to the sheriff; and section 1406 provides that the execution first delivered has preference notwithstanding that a levy is first made by virtue of an execution subsequently delivered; and section 1407 puts warrants of attachment on equality with executions, as to the rule for determining their respective preferences. Whether the order setting aside the order vacating the warrant of attachment had the effect to restore the "lien," so called, or not,—that is to say, restore the power of the creditor to avail himself of the right to preference by virtue of the original seizure,—it had the effect to revive the warrant of attachment in the hands of the sheriff as of the date it was originally granted, so that, in legal effect, the warrant of attachment was the process first delivered to the sheriff. Therefore, when the sheriff had sold the property of the attachment debtor on the executions issued on the judgments subsequently recovered, he was bound to give the judgment creditor in whose favor the warrant of attachment was issued the preference in his application of the funds realized on the sale upon the subsequent executions, although his own execution was the last received by the sheriff. Code Civil Proc. §§ 697, 1406, 1407. The conclusion reached is that the judgment and order appealed from should be affirmed.