### DUFFY *v.* DAWSON.

### EVANS *et al. v.* SAME.

#### (*City Court of New York, General Term.* May 25, 1892.)

EXECUTIONS—CONFLICT OF LIENS—EQUITABLE ASSETS.

The common debtor of E. and D. drew an order in favor of E. on a depositary for a fund in his hands belonging to the debtor, which order was never accepted. Afterwards E. recovered judgment against the debtor, and caused execution to be issued. Later still D. recovered judgment against the debtor, caused execution to be issued, and obtained an order for the examination of the depositary in supplementary proceedings, and an order directing the delivery of the deposit to the sheriff. *Held* that D., the junior execution creditor, thereby acquired a lien on the deposit, and was entitled to priority of satisfaction over E., the senior execution creditor.

Appeal from special term.

Two actions, one by Edward Duffy against John Dawson, and the other by Cornelius H. Evans and others against the same defendant. Plaintiff Duffy appeals from an order denying his motion for an order directing the sheriff of the city of New York to pay over to him a certain fund in the hands of one Henry C. L. Peetsch, belonging to defendant, Dawson, an execution debtor of plaintiffs in both actions, and claimed by plaintiffs Evans and others under a senior execution. Reversed.

Argued before McGOWN and McCARTHY, JJ.

*Johnson & Johnson,* for appellant. *A. Edward Woodruff,* for respondents.

McGOWN, J. A judgment was recovered on February 2, 1892, by the plaintiff Duffy against the defendant, Dawson, in the first above entitled action, for the sum of $540.84, and an execution upon said judgment was issued on the same day to the sheriff of the city and county of New York. On February 3, 1892, an order was made by Justice McGOWN for the examination of Henry C. L. Peetsch, as a third party, indebted to the said judgment debtor, under section 2441 of the Code, which examination was made before said last-mentioned justice; whereby it appears that the said Peetsch had in his hands on the 9th day of January, 1892, the sum of $400, belonging to the defendant, Dawson, and placed in his hands on December 16, 1891, by one Thomas Barry, with the consent of the defendant, Dawson. Thereafter, and on or about February 23, 1892, an order was made by Justice NEWBURGER, directing the said Peetsch to pay the said sum of $400, moneys belonging to the judgment debtor in his hands, to the sheriff of the city and county of New York, to be applied upon the execution of the plaintiff against the defendant. In pursuance of said order, Peetsch paid said sum of $400 to the sheriff. Evans, the plaintiff in the second above entitled action, recovered a judgment on the 29th day of January, 1892, against said defendant, Dawson, for the sum of $177.62, and on the same day an execution founded on said judgment was issued to the sheriff. On December 31, 1891, the defendant, Dawson, by his order of that date, requested said Peetsch to pay C. W. Evans & Sons, plaintiffs above named, (in the second action,) the sum of $125 out of the $400 held by him (said Peetsch) belonging to defendant Dawson. Said order was served upon the said Peetsch, on or about the day of

its date, and said Peetsch thereafter acknowledged the receipt. There is no proof that Peetsch accepted said order, and, the same not having been accepted by Peetsch, it was not a transfer of the debt, or of any part thereof. The right of Peetsch to the possession of the $400 is not substantially disputed; it was placed in his hands by the defendant, Dawson, voluntarily. There is no substantial dispute as to the facts of the indebtedness of Peetsch (the third party) to Dawson for the sum of $400, and, Dawson not having made a legal transfer of the $400 in the hands of Peetsch, it was the property of the defendant, Dawson, at the time Peetsch paid the $400 to the sheriff, under the order of Justice NEWBURGHER made on February 23, 1892. The $400 was, as appears by the examination of Peetsch, to be held by him, and paid over to the defendant, Dawson, on the 16th day of January, 1892, provided no liens or claims should be claimed against the store sold by Dawson to Barry, It also appears that plaintiff Duffy gave notice to Barry, at the time of the closing of his purchase, of his claim for $400; "and that was the reason the amount was put in his hands;" and that Dawson refused then and there to pay it. On March 8, 1892, an order was made by Justice NEWBURGHER, founded upon the judgment roll herein; the execution issued thereon; order for examination of Peetsch; the order made thereon by Justice NEWBURGHER on February 23, 1892; the affidavit of plaintiff Duffy, verified March 3, 1892,—directing the said sheriff and Evans, the judgment creditors above named, to show cause on March 11, 1892, why an order should not be made, directing the said sheriff to apply the sum of $400, paid to him by said Peetsch, to the execution issued on the judgment of the plaintiff Duffy. On the hearing of the motion, an order was made thereon, by Justice NEWBURGHER, denying the motion as stated in said order, "the court being of the opinion that it has no power to grant such an order as sought for by the plaintiff Duffy," and staying all proceedings on the part of the plaintiffs Evans to compel the sheriff to pay over the sum of $177 out of the $400 now in his hands, pending an appeal to the general term of this court, and to the court of common pleas, should such an appeal be taken. From this order plaintiff Duffy appeals.

Where there is a question of priority between different executions in the hands of the sheriff, the order of priority is usually determined by the court upon motion between the execution creditors; and the court has ample power to direct how the money shall be paid; and, where the court makes such direction, the sheriff is bound to apply the same accordingly. It does not appear that any levy was actually made by the sheriff, under the execution issued in Evans against Dawson, upon any property of the defendant, Dawson. The Code contains no provision for a levy on equitable interests in the hands of a third party, probably for the reason that the judgment creditor has a more summary and effectual remedy, by supplementary proceedings, to examine the party owing the debt to the debtor, and by obtaining an order permitting the third party (Peetsch) to pay over such debt to the sheriff, to be applied on the execution. The plaintiffs Evans failed to pursue this statutory remedy on their judgment, and the plaintiff Duffy pursued his remedy under section 2441 of the Code, and by force of his (Duffy's) proceedings the said sum of $400 reached the sheriff for his benefit. The execution issued on the judgment of Evans, etc., against Dawson, created no lien on this sum, while in the hands of Peetsch, and none could be created thereon, except under section 2441, which was not put in use by the judgment creditors, Evans & Sons. See *Bank* v. *Reinitz*, (City Ct. N. Y.) 4 N. Y. Supp. 801. Duffy, a vigilant creditor, under the order for the examination of Peetsch, (obtained under section 2441 of the Code,) discovered property belonging to the defendant, Dawson, in the hands of Peetsch; and the same was paid over, as hereinbefore stated, by order of Justice NEWBURGER, to the sheriff, to be applied upon his execution, and the sheriff refused to apply

the same to the execution of Duffy.    The provisions of the act entitled "Supplementary Proceedings" furnish a substitute for the creditors' bill, under the provisions of the old court of chancery, and the service of the order for the examination of a third party should give the judgment creditor the priority of a vigilant creditor and a lien upon the assets of the debtor.    In *Lynch* v. *Johnson*, 48 N. Y. 27, the question decided arose under the provisions of sections 292, 294, of the old Code, which were similar in all respects to sections 2441, 2446, 2447, of the present Code; and EARL, J., in his opinion at page 32, says: "Proceedings under sections 292 and 294 of the Code are parts of the same scheme for the collection of debts inaugurated by the Code.   These sections furnish a simple substitute for the creditors' bill, as formerly used in chancery.   The commencement of the creditor's suit in chancery gave the creditor at once a lien upon the equitable assets of the judgment debtor.   He was rewarded as a vigilant creditor, the commencement of his suit being regarded as an actual levy upon the equitable assets of the debtor.   Under sections 292, 294, the service of the order takes the place of the commencement of the suit under the old system, and should give the judgment creditor the priority of a vigilant creditor, and a lien upon the equitable assets of his debtor."    See *Barnes* v. *Morgan*, 3 Hun, 703.    Sections 2447-2449, Code, provide that where it shall appear, from the testimony in proceedings supplementary to execution, that property of the judgment debtor is in the possession or under the control of himself or some other person, the judge may in his discretion, there being no receiver, make an order directing the judgment debtor or such other person to deliver such property to the sheriff.    When so delivered, the property is to be treated as if it had been levied upon by virtue of an execution.    *Estate of Stewart*, 8 Civil Proc. R. 356.    The lien of the plaintiff Duffy was rendered effectual by the order of the justice dated February 23, 1892, directing the $400 to be applied by the sheriff upon Duffy's execution.    In *Bevans* v. *Pierce*, (Gen. Term,) 1 City Ct. R. 259, McADAM, J., passed directly upon the question involved herein, and held that the judgment creditor, who by his diligence had procured and served the order for the examination of the third party, had a lien upon the property disclosed, and that such lien followed the funds in the hands of the sheriff.    See *Pach* v. *Gilbert*, (Super. Buff.) 9 N. Y. Supp. 548.    That portion of the order appealed from which denied plaintiff's motion must be reversed, with costs; and the motion made by plaintiff Duffy, on the order to show cause, granted March 8, 1892, should be granted, with costs.